Morris Brownstein, Appellee, v. Hertz Drivurself Stations, Inc., Appellant.

Gen. No. 40,748.

Opinion filed March 11, 1941.

DONALD M. ROCHE and ABRAHAM LEPINE, both of Chicago, for appellant.

KLEIN & HARROW, of Chicago, for appellee; ARTHUR W. KLEIN and JOHN O. WILKINSON, of Chicago, of counsel.

Mr. Justice John J. Sullivan delivered the opinion of the court.

This is an appeal by the defendant, Hertz Drivurself Stations, Inc., from an order entered February 7, 1939, by the municipal court of Chicago, which adjudged the defendant corporation guilty of contempt of court for its failure and refusal to answer an interrogatory filed by plaintiff and fined it $10.

The contempt proceedings grew out of a tort action brought by plaintiff September 9, 1938, for damages as a result of the alleged negligence of the defendant in the operation of its automobile on October 30, 1937. In its original statement of defense filed September 27, 1938, defendant not only admitted ownership but also possession, control, management and operation of its automobile at the time and place alleged in plaintiff's statement of claim. In its amended statement of defense filed December 8, 1938, the defendant corporation again admitted ownership of the automobile involved but denied possession, control, management or operation thereof. On December 9, 1938, upon plaintiff's motion he was given leave to file the following written interrogatory, which defendant was required to answer under oath:

"What is the full name and address of the lessee and of the driver of a Chevrolet Coach automobile rented from the defendant's branch office at 2667 Milwaukee Avenue, which was involved in a collision with the plaintiff's automobile on October 30, 1937, at about noon at Western Avenue and Fullerton Street, in Chicago, Illinois."

In its amended answer to the interrogatory the defendant by its president, Walter L. Jacobs, stated that it should not be required to disclose the name and address of the lessee and of the driver of its automobile at the time and place alleged in plaintiff's statement of claim for the reason that the disclosure sought by said

interrogatory is in violation of sections 2, 4 and 6 of Rule 133 of the Revised Civil Practice Rules of the municipal court of Chicago. Rule 133 of said rules, including sections 2, 4 and 6 thereof, is as follows:

"The object of interrogating is two-fold; first, to obtain admissions to facilitate the proof of the proponent's own case; second, to ascertain, so far as practicable, the facts constituting the adversary's case, and interrogatories will be allowed whenever the answers to them will serve either to maintain the case of the proponent or to destroy the case of the adversary. The following rules are applicable in determining what interrogatories may be administered and what not:

"2. They must be bona fide for the purpose of the pending action and not merely with a view to future litigation.

"4. They must not be put for the purpose of establishing facts which, if proved, would not tend to support a cause of action or defense.

"6. They may be such as to compel the adversary to disclose the facts on which he intends to rely, but not the evidence by which he proposes to prove those facts, or the names of the witnesses the adversary intends to produce."

Defendant having failed to comply with the rule to answer the interrogatory, the court entered a rule upon it to show cause why it should not be punished for contempt of court. Upon the hearing on the rule to show cause the court found the defendant corporation guilty of contempt of court for not answering the interrogatory and as heretofore stated fined it $10.

Defendant contends "that the court erred in entering its order of contempt against it for its failure to answer this interrogatory for the reason that the interrogatory propounded to it was improper and in violation of certain sections of Rule 133 of the Revised Civil Practice Rules of the Municipal court."

As has been shown defendant in his original statement of defense admitted both the ownership and op-

eration of its automobile but in its amended statement of defense, while still admitting ownership, defendant denied control and operation of its automobile involved in the alleged collision. This constituted a material change in its defense. While defendant's amended statement of defense did not allege who operated its automobile, plaintiff had the right to assume, because of the character of defendant's business, that if it did not operate its automobile itself on the occasion in question, it intended to show that the automobile was operated by a lessee. The situation presented was simply this. Defendant first stated it owned and operated the automobile. It then stated that it owned the automobile but that in effect it was operated by its lessee when the alleged collision occurred. Thereupon plaintiff, we think properly, propounded the interrogatory asking who the lessee was and where he lived and who the driver of the car was and where he lived.

It is idle to urge that because plaintiff's interrogatory requested information concerning "the lessee," he abondoned the original theory of his suit as set forth in his statement of claim wherein he alleged that the automobile which collided with his was being driven and operated by defendant or that he adopted the theory set forth in the amended statement of defense or admitted that defendant's automobile was being operated by its lessee. The question as to whether defendant's automobile was in fact leased and was being operated by its lessee when the collision occurred is highly important and material. The true answer to that question might well serve to maintain plaintiff's case or to destroy defendant's defense. Merely because defendant changed its defense and said that it did not operate its automobile but that its lessee did, does not conclude the matter. The change of defense in itself by which defendant seeks to be relieved of liability by asserting that its automobile was being driven by its lessee emphasizes plaintiff's right to ascertain whether or not there was in fact a lessee. If there was

a lessee the only way he can be properly identified is by his name and address.

From what has been said it is readily apparent that neither plaintiff's interrogatory nor the disclosure it sought violated any of the provisions of Rule 133, heretofore set forth. It is perfectly obvious that the interrogatory was not filed merely for the purpose of obtaining the names and addresses of defendant's witnesses. Note 6 to Municipal Court Rule 133b, covering the question as to when a party may compel the discovery before trial of the names of witnesses and when he may not, is as follows:

"It is admissible to interrogate to facts which will inform the party as to evidence to be obtained and the names of persons who may give evidence for him. But it is not permissible to ask the names of the persons merely as being witnesses whom the other party is going to call when their names do not form any substantial part of the material facts in the case; but where the name is a material fact it must be disclosed and it is no answer that in giving the information the party may disclose the names of his witnesses."

It is next contended that the order adjudging the defendant corporation guilty of contempt is void and a nullity. Plaintiff argues that since this point was not raised in the trial court it cannot be presented in this court for the first time on appeal. The rule is that a void order may be questioned at any time. We think, however, that defendant's contention that the order appealed from was void is without merit and that *Armour Grain Co. v. Pittsburgh, C., C. & St. L. R. Co.*, 320 Ill. 156, cited by defendant in support of this contention is not applicable to the situation presented here. In our opinion the interrogatory propounded by plaintiff, which defendant failed and refused to answer, was proper and fully complied with the Revised Civil Practice Rules of the municipal court.

The only question presented in the *Armour* case, which was decided in 1926, was whether section 32 of

the Municipal Court Act conferred jurisdiction upon that court to require a corporation, as such, to answer interrogatories. There the court said at pp. 158, 159, 160:

"Section 32 of the Municipal Court act, with reference to interrogatories in civil actions, is as follows: 'That the municipal court in any civil suit pending therein, at any time before the trial or final hearing thereof, may permit the filing therein of interrogatories to be answered by any party to such suit or any person for whose immediate benefit such suit is prosecuted or defended, or by the directors, officers, superintendent or managing agents of any corporation which is a party to the record in such suit, at the instance of the adverse party or parties or any of them, and to require an answer under oath to all such interrogatories as the party to be interrogated might be required to answer, if called as a witness upon the trial or hearing of such suit, but the party filing such interrogatories shall not be concluded by the answers thereto, if he shall elect to introduce the same or any or either of them upon the trial or final hearing.'' (Smith's Stat. 1925, p. 844.)

"...

"The railroad company also contends that under the proper construction of this statute the court did not have jurisdiction or power to require a corporation, as such, to answer interrogatories of any kind. This section of the statute has never been before a court of review in this State upon the question here involved. . . . At common law the court had no power to require a party to the suit to answer interrogatories. The interrogatories which by this statute the court is authorized to require to be answered are such as the party to be interrogated might be required to answer if called as a witness upon the trial or hearing of such suit. The railroad company is a corporate entity, which could not come into court as a witness upon the trial or hearing of the suit and be examined orally. Construed literally, this section of the statute in ques-

tion does not require the answering of interrogatories by corporations. The legislature, when it enacted this section of the statute, knew that a corporation could not be called as a witness upon the trial or hearing of a suit, and by the statute provided the manner in which the difference between individuals and corporations, as parties to suits, in the matter of discovery, might be obviated, by providing for the filing of interrogatories to be answered by the directors, officers, superintendent or managing agents of any corporation which is a party to the record in the suit. The municipal court of Chicago was not authorized by law to compel the railroad company to answer the interrogatories, and therefore the railroad company was not in contempt in failing and refusing to answer the same. It is well settled that a party charged with contempt for violation of a judgment, order or decree may acquit himself by showing that such judgment, order or decree is a nullity.''

Section 20 of the Municipal Court Act as amended in 1931 (par. 375, ch. 37, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 108.045]) provides:

''That the judges of said municipal court shall have power to adopt, in addition to or in lieu of the provisions herein contained prescribing the practice in said municipal court, or of any portion or portions of said provisions, such rules regulating the practice in said court as they may deem necessary or expedient for the proper administration of justice in said court. . . . Amendments and changes of said rules may be made from time to time by like orders.''

Prior to the amendment of 1931, section 20 carried the proviso that no such rule should be inconsistent with those expressly provided for by the act, and that the Supreme Court might, in its discretion, substitute other rules and make any order respecting the rules as it deemed proper.

Since the decision was rendered by the Supreme Court in the *Armour* case, the municipal court in 1935

adopted rule 132 and note to rule 132, the pertinent portions of same being as follows:

"INTERROGATORIES TO A BODY CORPORATE.

"If any party to an action be a body corporate or any other body of persons empowered by law to sue or be sued whether in its own name, or in the name of any officer or other person, the court may require the interrogatories to be answered by any officer or member of such corporation or body.

"Note to Rule 132.

"1. The officer or member is the representative or alter ego of the body for the purpose of answering the interrogatories. It is not his answer but the answer of the body. . . .

"2. The body is served with notice of the motion. . . . .

"3. . . .

"4. . . .

"5. The body may be required to answer by the secretary or clerk or other proper officer.

"6. An officer, if selected to answer, must, if he have no personal knowledge of the facts, apply to those servants of the company who may have such personal knowledge.

"7. . . .

"8. The answer may be read against the body."

The *Armour* case did not find that a corporation could not be found guilty of and punished for contempt of court. All that it held, as heretofore shown, was that section 32 of the Municipal Court Act did not empower a judge of that court to require a corporation, as such, to answer interrogatories of any kind, and since the court had no jurisdiction its order finding the corporation guilty of contempt for failing to answer interrogatories was void. An entirely different situation is presented here. It was undoubtedly because of

the rule enunciated in the *Armour* case which precluded the municipal court from compelling relevant disclosures by corporations by answer to proper interrogatories that that court adopted rule 132 and the notes thereto, which have the same force as rules, pursuant to the power and authority granted it under section 20 of the Municipal Court Act to make rules "prescribing the practice in said Municipal court." It will be noted that section 20 of the Municipal Court Act authorizes the judges of said court to adopt rules "in addition to or in lieu of the provisions of the Municipal Court act prescribing the practice in that court."

Whether it was the intention of the judges of the municipal court to adopt rule 132 in lieu of section 32 of the Municipal Court Act or as an addition or supplement thereto is immaterial since rule 132, with its accompanying notes, clearly empowers the court to require corporations, as such, to answer interrogatories. The rule is entitled "Interrogatories to a Body Corporate." It provides that where interrogatories are propounded to a corporate defendant "the court may require the interrogatories to be answered by any officer or member of the corporation"; that, while "the officer or member is the representative or *alter ego*" of the corporation "for the purpose of answering interrogatories," "it is not his answer but the answer of the corporation"; that the corporation "is served with notice of the motion"; and that "the answer may be read against" the corporation.

In our opinion Rule 132 of the Revised Civil Practice Rules of the municipal court, including the notes thereto, superseded section 32 of the Municipal Court Act in so far as said section pertains to disclosures by the directors, officers, superintendent or managing agents of corporations, and under such rule the court was clearly empowered to require defendant to answer the interrogatory propounded by plaintiff and to punish

it for its failure and refusal to answer same. The order appealed from was a valid order.

For the reasons stated herein the order or judgment of the municipal court is affirmed.

*Order or judgment affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.