Morton E. Silfen et al., Appellees, v. City of Chicago et al., Appellants.

Gen. No. 40,305.

Opinion filed February 27, 1939.

BARNET HODES, Corporation Counsel, for appellants; MARTIN H. FOSS, CHARLES P. HORAN, ALPHONSE CERZA

and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

MACLAY HOYNE, of Chicago, for appellees; SIDNEY R. ZATZ, of Chicago, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

After an extended hearing of evidence the trial court granted plaintiffs a permanent injunction restraining defendants from interfering with the sale, operation and exploitation in places of public resort in the city of Chicago of a certain amusement device designated as "World Series." Defendants appeal.

It is alleged that plaintiffs Silfen and General Coin Machine Corporation are engaged in the business of buying, operating and distributing coin operated machines and devices, including the one advertised and known as "World Series." The Rock-Ola Manufacturing Corporation is engaged in the business of manufacturing and selling this device.

The complaint describes the device and asserts that it has been set up in a number of places of public resort and that the defendant city's police officers have interfered with it. Defendants claim the right to remove this device by virtue of a city ordinance sec. 1949a of the Revised Chicago Code of 1931, which makes it unlawful for any person "to keep or use in any place of public resort within the city of Chicago any tables or implements for any game of bagatelle or pigeonhole." The ordinance defines "bagatelle or pigeonhole" as meaning "a game played with any number of balls or spheres upon a table or board having holes, pockets or cups into which such balls or spheres may drop or become lodged and having arches, pins, and springs, or any of them, to control, deflect or impede the direction or speed of the balls or spheres

put in motion by the player, and shall include the modern variety of bagatelle or pigeonhole commonly known as pin games.'' This ordinance was authorized by sec. 44 of art. V of the Cities and Villages Act, ch. 24, par. 65.43, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 21.108] which grants to cities in Illinois power ''To . . . prohibit and suppress billiard, bagatelle, pigeon-hole or any other tables or implements kept or used for a similar purpose in any place of public resort. . . . ''

In the opinion of this court in the case of *Levins v. City of Chicago*, 296 Ill. App. 645 (Abst.), we held that the city had the authority to pass this ordinance and that the city council was authorized to prohibit not only the matters specifically mentioned but also ''any other tables or implements kept or used for a similar purpose.''

Is the device called the ''World Series'' included within the prohibition of the ordinance? One of the devices has been submitted to this court as an exhibit and has been examined by us. It is mounted and enclosed in a cabinet approximately four feet two inches in height by three and a quarter feet in width and two and a half feet in depth; the top is covered by glass; it is intended to simulate the playing of a baseball game; it presents a playing field and a baseball diamond; the players are represented by ten small metal figures; in front of each of them is a hole with a hood back of it; at the back of the playing field there is a curved background representing a baseball grandstand; in this are various apertures labeled ''Foul Ball,'' ''Home Run,'' etc.; adjacent to the home plate is a metal bat swinging on a pivot; this bat is operated from outside by means of a lever; when a five cent coin is deposited in the device the ''pitcher'' throws a metal ball toward the ''batter''; the balls thrown are either ''balls''— wide of the home plate, or ''strikes''—which are over

the home plate; the person depositing the coin may through a lever either bat at the ball or let it go by, and strikes and balls are registered as in ordinary baseball; a batted ball may go into one of the holes in front of the metal figures or may go into one of the openings in the grandstand, and is registered as "Foul Ball," "Three Base Hit" or otherwise as indicated by the opening into which the ball goes.

The complaint alleged that the "World Series" game is not a gambling device, pays out nothing and gives no prize of any kind whatsoever; that its function is simply and solely to give the person playing it clean and wholesome amusement.

Almost all of the points raised by plaintiffs to sustain the permanent injunction have been answered against them in the *Levins* case, *supra*. That case was afterward followed in *Coleman v. City of Chicago*, 297 Ill. App. 130. The instrumentalities involved in the *Levins* case were two coin-operated devices known as the "Magic Roll" and "Skill Roll." We held among other things that these devices were kept and used for a purpose similar to bagatelle and pigeonhole games and that the power of the city to suppress these games extends to and includes devices used for a similar purpose in any place of public resort.

Is the "World Series" device used for a purpose similar to bagatelle or pigeonhole? The essential features of bagatelle or pigeonhole games, as defined in various dictionaries are a table or playing surface with holes or pockets into which the balls put in motion by the player may drop, and with pins or arches to deflect or impede the direction and speed of the balls. The "World Series" device has all these factors. There are numerous holes on the playing surface into which the balls may drop, the metal baseball players are in the nature of pins, and the arches in front of these metal players as well as those in the grandstand control,

deflect or impede the direction and speed of the balls. The fact that it simulates a baseball game and hence has slight variations from the regulation bagatelle or pigeonhole games is not important. It is essentially a bagatelle or pigeonhole game. Moreover, reading of the definition of the term "bagatelle" or "pigeonhole" in the ordinance, as above set forth, shows beyond any reasonable doubt that this device comes within the prohibition of the ordinances. Many of the contentions of the plaintiff have been answered in *Village of Atwood v. Otter,* 296 Ill. 70, which sustained the power granted to cities not only to prohibit the keeping and use of the devices mentioned by the legislature, but also upheld the power of municipalities to prohibit the keeping of any tables or implements used for a purpose similar to bagatelle or pigeonhole in any place of public resort.

Manifestly this device also comes within the prohibition of the amendment to sec. 1 of art. 1 of ch. 36 of the Chicago Code, known as sec. 1893-A, which makes it unlawful for any person, firm or corporation to keep for gain or profit any amusement device the operation of which is governed or controlled by the deposit of a coin or token. This is a coin operated device. The ordinance was authorized under article 5 of the Cities and Villages Act, ch. 24, secs. 41, 45, 58, 66 and 102.

A mass of testimony was taken as to whether this device was a game of skill or of chance, and which, if either, factor predominated. We do not think this is controlling. Neither the statute nor the ordinances mention the factor of skill as an element which would make such a device lawful. If this were important we would be inclined to hold, after a trial of the device, that the element of chance largely predominates.

We are of the opinion that *City of Chicago v. Drake Hotel Co.,* 274 Ill. 408, cited by plaintiffs, is not in point. There involved was the reasonableness of a

city ordinance which provided that no dance should be conducted in a restaurant or public place of refreshment other than a licensed dance hall; it was stipulated that the dances conducted by the defendant were orderly and respectable; it was held that the city had no power to pass the ordinance under the provisions of the Cities and Villages Act giving general power to suppress and prohibit amusements.

Here the ordinances were passed pursuant to a legislative enactment and they clearly come within the authority so granted to the municipality. As we have held, the ordinances having been authorized by the legislature, the only question for this court to determine is whether the instant device is included in the prohibition of the ordinance and of the statute. The court is not concerned with the question of the results of the operation of the device. That is for the city and the legislature to consider.

For the reasons indicated the injunctional order is reversed and the cause remanded with directions to vacate the decree and to dismiss plaintiffs' complaint.

*Reversed and remanded with directions.*

MATCHETT, J., concurs.

MR. JUSTICE O'CONNOR dissenting: I dissent. *City of Chicago v. Drake Hotel Co.*, 274 Ill. 408; *Levins v. City of Chicago*, 296 Ill. App. 645 (Abst.); *City of Mt. Vernon v. Julian*, 369 Ill. 447.