(No. 35393.—

JOHN HAGEN, Appellant, *vs.* THE CITY OF ROCK ISLAND, Appellee.—WARREN HALLGREN *et al.*, Appellants, *vs.* THE CITY OF ROCK ISLAND, Appellee.

*Opinion filed November 18, 1959—Rehearing denied Jan. 18, 1960.*

WINSTEIN & RIMMERMAN, of Rock Island, (STEWART R. WINSTEIN, and HARRISON H. KAVENSKY, of counsel,) for appellants.

BERNARD C. GILLMAN, and DOROTHEA O'DEAN, both of Rock Island, for appellee.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This case involves the validity of an ordinance of the city of Rock Island prohibiting the use of pin-ball and horse-race machines and the nature of the unexpired licenses in existence at the date of the ordinance.

Separate actions were filed against defendant, the city of Rock Island, in the circuit court of Rock Island County by plaintiff, John Hagen, and by plaintiffs, Warren and

Robert Hallgren. Both complaints sought a declaratory judgment invalidating the ordinance and an injunction restraining the city from enforcing its provisions against the plaintiffs. Temporary injunction issued in each case upon the filing of a bond approved by the court. By agreement of the parties, the cases were consolidated for hearing in the trial court after the city, by its respective answers, substantially denied the material allegations of the complaints.

The cause was heard upon a stipulation of facts and judgment was entered against the plaintiffs. The trial court adjudged that the ordinance was valid but continued the injunction in full force. *Supersedeas* bonds were filed and approved, and *supersedeas* order was duly entered. Plaintiffs appeal directly to this court, the trial judge having certified that the validity of a municipal ordinance is involved and that the public interest requires an appeal to this court.

The stipulated facts establish that plaintiff Hagen owned, distributed and serviced certain games or amusement devices designated as horse-race machines in places of public resort within the city; that these machines were not operated by coin, but were actuated by an electrical apparatus which mechanically directed a beacon of light around a course in the simulation of a horse race; and that the light mechanically stopped on a number or name of a horse marked on the machine.

Plaintiffs Warren and Robert Hallgren owned, distributed and serviced pin-ball machines for use in public places within the city. The operation of these respective businesses was profitable and, if prohibited, would result in financial loss to plaintiffs, at least to the extent of the expected profits.

The city of Rock Island issued licenses on these machines effective from May 1, 1958, through April 30, 1959. A license fee of $25 for each machine had been paid to the city either by plaintiffs or by the person or corporation

in whose premises the machine had been placed. These licenses had not expired on July 28, 1958, the date the ordinance was enacted.

The pertinent provision of the ordinance of the city of Rock Island, which amended chapter 22 of its revised ordinances entitled "Games," reads:

"Section 5. It shall be unlawful for any person to keep or use in any place of public resort within the City any tables or implements for any game of bagatelle, pigeon-hole, pinball or horserace. The term, 'bagatelle, pigeon-hole or pinball' as used in this section shall mean a game played with any number of balls or spheres upon a table or board having holes, pockets or cups into which such balls or spheres may drop or become lodged and having arches, pins and springs, or any of them, to control, deflect or impede the direction or speed of the balls or spheres put in motion by the player. The term horserace device includes mechanically simulated races whereby a beacon of light travels around a course and mechanically stops on a number or name of horse marked on the machine.

"Section 6: In the event a license fee has been paid for any such machine for the fiscal year, 1958, the owner thereof, shall be entitled to a monthly pro rata return of the license fee paid."

The amendatory ordinance contained the usual provisions with respect to partial invalidity, repeal of inconsistent enactments and effective date. It is not disputed that the ordinance, if otherwise valid, was duly passed, approved and published.

Plaintiffs contend that the city had no authority to prohibit the keeping or use of the so-called horse-race machines in places of public resort. It is conceded that the authorization for such an ordinance, if any existed, must be found in the provisions of section 23—56, of article 23 of the Revised Cities and Villages Act. That section provides, among other things, that a municipality has power:

"To license, tax, regulate, or prohibit pin, ball, or bowling alleys, billiard, bagatelle, pigeon-hole, pool, or any other tables or implements kept for a similar purpose in any place of public resort." Ill. Rev. Stat. 1957, chap. 24, par. 23—56.

Plaintiffs argue that the statute authorizes a municipality to license, tax, regulate or prohibit only those games or devices which involve pins, balls or a combination of both. Their argument is predicated upon an assertion that all of the devices particularly referred to in the statute fall within that limited category and that the provision "any other tables or implements kept for a similar purpose" cannot be construed as being applicable to the horse-race machines owned and operated by Hagen.

While not questioning the power of the city to pass an ordinance abolishing pin-ball games, plaintiffs Warren and Robert Hallgren claim that the city, having licensed their machines, cannot legally prohibit their operation within the license period by the method employed. Hagen takes the same position with respect to the licenses authorizing him to operate his horse-race machines. Plaintiffs also contend that if the city lacked authority to prohibit the use of horse-race machines, the entire ordinance is invalid since its various provisions are inseparable. This poses the prime question of whether the city was empowered, under the statute, to prohibit the horse-race machines.

Hagen's argument that the statute does not confer such authority is based upon the principle of *ejusdem generis*— that where general words follow particular ones, they should be construed as meaning things of the same general character, sort, kind or class as those theretofore named. He urges that the words of the statute: "pin, ball or bowling alleys, billiard, bagatelle, pigeon-hole, pool," refer to games or devices involving pins, balls or a combination thereof; and that the following words "any other tables or imple-

ments kept for a similar purpose," must necessarily refer to games or devices employing pins or balls or both.

The rule of *ejusdem generis* is one of the many rules designed to aid in giving effect to legislative intent where, under the words of the statute, there is uncertainty. It is only a rule of construction and should not be used to defeat the evident purpose of a statute or restrict the scope of the subjects the legislature intended to include within the act. (*Stiska* v. *City of Chicago*, 405 Ill. 374; *Gooch* v. *United States*, 297 U.S. 124, 80 L. ed. 522.) The principal object in construing a statute is to ascertain and give effect to the intention of the legislature. (*Petterson* v. *City of Naperville*, 9 Ill.2d 233; *Belfield* v. *Coop*, 8 Ill.2d 293; *Fowler* v. *Johnston City and Big Muddy Coal and Mining Co.* 292 Ill. 440. The plain meaning of the language used is always the safest guide to follow in construing any act and the courts have no right to read into a statute words not found therein either by express inclusion or by fair implication. *Svithiod Singing Club* v. *McKibbin*, 381 Ill. 194; *Illinois Publishing and Printing Co.* v. *Industrial Com.* 299 Ill. 189.

The difficulty with plaintiffs' argument is that the general words of the statute in question are such as to preclude a conclusion that they refer only to games of the same sort, kind or class as those previously mentioned in the act. Devices included are "any other tables or implements kept for a similar purpose." These words have reference to the purpose for which they are kept. Since the devices or games specifically enumerated are all such that they can only legally be kept for the purposes of amusement or entertainment, the words "kept for a similar purpose" have a plain and reasonable meaning when considered in context and in relation to the other words of the act. The words "any other tables or implements" also have plain meaning and indicate a legislative intent to extend the scope of regulation or prohibition to any and all implements or

tables kept for purposes of amusement or recreation. The construction for which plaintiffs contend would require us to ignore the plain meaning of the words used and read into the statute restrictions not found within its provisions.

In *Kitt* v. *City of Chicago*, 415 Ill. 246, we held that the statute authorized the prohibition of pin-ball games and devices of like nature. At page 249 we stated: "It is obvious that the legislature in enacting a statute cannot foresee in physical detail all of the items and things to be controlled under the general purpose motivating the statute. Modern science moves too rapidly to make this possible. The legislature must, in every instance, take things as it finds them and extend the general purpose concerning those things into the future by the use of general language. Here the legislature gave the power to municipalities to regulate certain games in existence at the time the statute was adopted. These games were table games to be found in places of general public resort. The games in existence in these places have passed with time and, taking their place, new games and devices have come into existence. Some of these, it seems to us, in this advanced day of development, are 'tables or implements kept for a similar purpose.'"

In *Levins* v. *Chicago*, 296 Ill. App. 645, 16 N.E.2d 152, (abst.) it was held that under the statute in question a city council was authorized to prohibit not only the matters specifically mentioned but any other tables or implements kept or used for a similar purpose, including the devices there in question called "Magic Roll" or "Skill Roll." In *Silfen* v. *Chicago*, 299 Ill. App. 117, the conclusion announced in *Levins* was approved and it was held that an ordinance passed pursuant to the statute was applicable to a certain game called "World Series" which might legally be prohibited under the act.

While in *Kitt* we held that the language of the ordinance itself did not encompass the device in question, it

was plainly inferred that the statute gave authority, if properly exercised, to prohibit the game involved. In the case at bar, it cannot be contended that the language employed in the ordinance fails to describe the horse-race machines intended to be prohibited in that the words employed to characterize such machines in the stipulation of facts are almost identical with those used in the ordinance. We hold that the power to prohibit horse-race machines was granted to municipalities of this State, not only by the spirit and intent, but also by the express words of the statute in question. It was effective to permit the proscription of such games.

Since we hold that the city could prohibit the horse-race as well as the pin-ball games, the question of partial invalidity does not arise.

Plaintiffs do not question the authority of the State, in which the police power inherently resides, to delegate by statute to municipalities the exercise of that power in certain respects. They contend, however, that licenses having been issued to them, the city could not thereafter legally pass an ordinance, the effect of which was to revoke those licenses during the term; and that the action taken by the city has the effect of impairing contract rights and deprives them of valuable property rights without due process of law.

However, the facts in the case at bar refute this contention. The trial court issued temporary injunctions which restrained the city from enforcing the provisions of the ordinance in question against the plaintiffs. While the injunction is still in full force and effect, the licenses, which were effective when these suits were filed, expired April 30, 1959. As of the date of this opinion, such ordinance neither has the effect of impairing the contract or property rights, if any, of the plaintiffs, nor of depriving them of due process of law.

Accordingly, the judgment of the circuit court of Rock

Island County sustaining the validity of the ordinance is affirmed and the cause is remanded to that court with directions to dissolve the injunction restraining the city from enforcing its provisions.

*Affirmed and remanded, with directions.*