LAWRENCE J. CROWLEY, Plaintiff-Appellee, *v.* THE RETIREMENT BOARD OF THE MUNICIPAL EMPLOYEES' ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellant.

First District (4th Division)    No. 76-1458

Opinion filed April 5, 1979.

William R. Quinlan, of Chicago (Daniel Pascale and Marsile J. Hughes, of counsel), for appellant.

Philip J. Rock and Daniel R. Fusco, both of Rock, Fusco, Heneghan & Rachman, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Lawrence J. Crowley, filed this action in the circuit court of Cook County for administrative review of a final decision of the Retirement Board of the Municipal Employees' Annuity and Benefit Fund of Chicago (Retirement Board) denying plaintiff the right to pay for and receive service credit for his employment with the Chicago Rapid Transit Company (CRT). The trial court reversed the administrative decision and the Retirement Board appeals.

The question presented for review is whether section 8—230.1 of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 8—230.1) which provides that an otherwise qualified municipal employee may pay for and receive service credit for "services theretofore rendered by him to the Chicago Transit Authority [CTA]," applies to an employee who performed services for the CRT prior to and not after the creation of the CTA.

We reverse the judgment of the trial court and affirm the decision of the Retirement Board.

Plaintiff was employed by the CRT, a privately owned predecessor utility of the CTA, during the following periods of time: June 19, 1936, to November 1936; April 1, 1937, to April 1938; and August 8, 1938, to November 1942. The CTA was organized on October 1, 1947, pursuant to the "Metropolitan Transit Authority Act" (Ill. Rev. Stat. 1975, ch. 111 2/3, pars. 301 through 344). Plaintiff performed no services for the CTA. Plaintiff later became employed as an electrical mechanic with the Board of Education of the City of Chicago and began participation in the Municipal Employees' Annuity and Benefit Fund of Chicago (the fund) on July 26, 1949.

On June 10, 1975, plaintiff informed the Retirement Board that, as a member of the fund, he desired to pay for and acquire service credit for his previous employment with the CRT and to have the credit applied in the computation of his annuity. Relying on section 8—230.1 of the Pension Code, the Retirement Board rendered a final decision on December 18, 1975, denying plaintiff the right to pay for and receive service credit for his CRT employment, because he had never been employed by the CTA which came into being after he terminated his employment with the CRT.

Upon administrative review, the trial court entered an order reversing the Retirement Board's decision and ordering that for purposes of all annuity and pension benefits, plaintiff be given credit for service rendered to the CRT. The final order states, in part:

"[T]he court finds and determines that the phrase '. . . service theretofore rendered by him to the Chicago Transit Authority created by the Metropolitan Transit Authority Act, approved April 12, 1945 . . .' in Section 8—230.1 of the Illinois Pension Code * * * does include all service rendered by plaintiff to the Chicago Rapid Transit Company which was a predecessor public utility of the Chicago Transit Authority * * *."

It is from this order that the Retirement Board appeals.

Opinion

Section 8—230.1 of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 8—230.1) states as follows:

"Any employee in the service, after having made contributions covering a period of ten or more years to the annuity and benefit fund herein provided for, *may elect to pay for and receive credit for all annuity purposes for service theretofore rendered by him to the Chicago Transit Authority created by the 'Metropolitan Transit Authority Act', approved April 12, 1945, as amended*; provided, that the last five years of service prior to retirement on annuity shall have been as an employee of the City and a contributor to this Fund. Such service credit may be paid for and granted on the same basis and conditions as applicable in the case of employees who make payment for past service under the provisions of the immediately preceding Sec. 8—230, but on the assumption that such employee's salary throughout all of his service with such Authority was at the rate of his salary at the date of his entrance into the service as a municipal employee. In no event, however, shall such service be credited if such employee has not forfeited and relinquished pension credit for service covering such period under any pension or retirement plan applicable to such Authority

and instituted and maintained by such Authority for the benefit of its employees." (Emphasis added.)

It is the Retirement Board's position that the emphasized language does not authorize the inclusion of credit for services rendered to the CRT, a privately owned public utility, in the computation of an annuity under the fund. Plaintiff contends that section 8—230.1, when read in conjunction with section 29 of the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 329), evidences a legislative intent to include credit for services rendered to the CRT as a predecessor utility of the CTA.

Section 29 of the Metropolitan Transit Authority Act relates to the rights of employees transferred from predecessor transportation systems, such as the CRT, to the CTA, and states:

"If the Authority acquires a transportation system in operation by a public utility, all of the employees in the operating and maintenance divisions of such public utility and all other employees except executive and administrative officers and employees, *shall be transferred to and appointed as employees of the Authority, subject to all rights and benefits of this Act, and these employees shall be given seniority credit in accordance with the records and labor agreements of the public utility.* Employees who left the employ of such a public utility to enter the military service of the United States shall have the same rights as to the Authority, under the provisions of the "Service Men's Employment Tenure Act', approved July 17, 1941, as they would have had thereunder as to such public utility. *After such acquisition the authority shall be required to extend to such former employees of such public utility only the rights and benefits as to pensions and retirement as are accorded other employees of the Authority.*" (Emphasis added.) Ill. Rev. Stat. 1975, ch. 111 2/3, par. 329.

■■ Defendant Retirement Board initially contends that the language of section 8—230.1 is clearly inapplicable to plaintiff, and, thus, there is no need to consider other statutory provisions in interpreting its meaning. The primary objective in construing a statute is to give effect to the intention of the legislature. (*Petterson v. City of Naperville* (1956), 9 Ill. 2d 233, 137 N.E.2d 371; *Droste v. Kerner* (1966), 34 Ill. 2d 495, 217 N.E.2d 73, *cert. denied & appeal dismissed* (1967), 385 U.S. 456, 17 L. Ed. 2d 509, 87 S. Ct. 612.) Although the plain and obvious meaning of the language employed in the statute is the courts' principal guide in ascertaining the legislative intent (*Hagen v. City of Rock Island* (1959), 18 Ill. 2d 174, 163 N.E.2d 495), where statutes relate to the same subject matter, they must be construed with reference to each other so that effect may be given to all the provisions of each if such can be done by reasonable and fair construction (see *Bergin v. Board of Trustees of Teachers' Retirement*

*System* (1964), 31 Ill. 2d 566, 202 N.E.2d 489; *People v. Patterson* (1977), 54 Ill. App. 3d 931, 370 N.E.2d 819; *Village of Mt. Prospect v. County of Cook* (1969), 113 Ill. App. 2d 336, 252 N.E.2d 106). Since section 8—230.1 of the Pension Code makes express reference to the Metropolitan Transit Authority Act, we feel it necessary to consider relevant sections of the Act in determining the legislative intent expressed in section 8—230.1.

Under plaintiff's theory, a former CRT employee, including one who had neither been transferred to CTA employment nor performed any work for the CTA after its organization in 1947, would be allowed to include in the computation of his annuity under the fund, credit for wages earned and services performed exclusively for the CRT. Neither section 8—230.1 nor section 29 of the Metropolitan Transit Authority Act mandates such a construction.

Section 29 of the Metropolitan Transit Authority Act provides that certain employees of transportation systems acquired by the CTA shall be transferred to and appointed as employees of the CTA, subject to all the rights and benefits of the Act. It additionally states that the CTA shall be required to give the transferred employees "only the rights and benefits as to pensions and retirement as are accorded other employees." Section 29 is not applicable to plaintiff because plaintiff was not a CRT employee transferred to employment with the CTA. He terminated his employment with the CRT long before that system was acquired by the CTA.

It should be noted that the CTA is given authority to participate in a separate pension plan under article 22 of the Pension Code. (Ill. Rev. Stat. 1975, ch. 108½, pars. 22—101 and 22—102.) The pension plan created pursuant to article 22 applies only to CTA employees and certain employees transferred to and continuing in service with the CTA. (See Retirement Plan for CTA Employees, section 3.5 and 3.7.) Any authority vested in the separate retirement board which administers article 22 is limited to CTA employees and those taken over by the CTA from a predecessor system. That step is missing here—plaintiff was never an employee taken over from the predecessor CRT.

The legislative purpose of municipal pension plans is to stimulate governmental efficiency by encouraging continued and loyal public service. The language of section 8—230.1, which allows an otherwise qualified municipal employee to apply credit for past CTA employment in the computation of his annuity, is intended to foster continued public service. Thus, the purpose of the section is not defeated by a construction which excludes benefits for services rendered exclusively to a privately owned public utility.

■ Under the circumstances of this case, the reference to CTA employment in section 8—230.1 cannot be construed to include services rendered solely to the CRT without continuing employment with the

CTA. It is our opinion that plaintiff is not entitled to pay for and receive service credit for services rendered by him solely to the CRT.

The judgment of the trial court is reversed and the decision of the Retirement Board is reinstated.

JOHNSON and ROMITI, JJ., concur.