Eric ROTHNER, d/b/a Bell Vending, Plaintiff,

v.

CITY OF DES PLAINES, a municipal corporation, et al., Defendants.

No. 81 C 2669.

United States District Court, N.D. Illinois, E.D.

Sept. 11, 1981.

Y. Judd Azulay, Azulay & Azulay, Chicago, Ill., for plaintiff.

Sarah A. Hansen, Klein, Thorpe & Jenkins, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

In this civil action under 42 U.S.C. § 1983, plaintiff challenges the constitutionality of a new Des Plaines municipal ordinance prohibiting electronic games and automatic amusement devices in all but licensed liquor establishments, and prohibiting persons under 21 from operating such games or devices without a parent or guardian present. Plaintiff Rothner is in the business of leasing pinball games, electronic games, and other amusement devices to businesses. He currently maintains four electronic games in the City of Des Plaines at two local grocery stores. Rothner's machines are licensed by defendant, the City of Des Plaines, and the licenses expired December 31, 1981, the effective date of the new ordinance.

The City of Des Plaines is the only defendant. It is a home rule municipality, and has for a number of years prohibited pinball machines within city limits, and has licensed and otherwise regulated coin-operated amusement devices. On May 26, 1981, this court issued an *ex parte* temporary restraining order enjoining enforcement of the new ordinance, No. M–15–81; the order expired on June 5. Thereafter, the parties agreed to submit the matter to the court on briefs. Now before the court is defendant's motion for summary judgment. A briefing schedule was set; but plaintiff chose to file a cross-motion for the same relief rather than respond to defendant's summary judgment motion. For the following reasons, defendant's motion is granted; plaintiff's is denied; the case is dismissed.

Des Plaines plainly has authority to enact M–15–81 under both its home rule powers and the Illinois Municipal Code. Article 7, § 6(a) of the Illinois Constitution of 1970 states in part:

... [A] home rule unit may exercise any power and perform any function pertaining to its government and affairs, including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; ...

Paragraph 11–42–2, Ill.Rev.Stat. ch. 24 provides:

The corporate authorities of each municipality may license, tax, regulate, or prohibit pinball, or bowling alleys, billiard, bagatelle, pigeonhole, pool, or any other tables or implements kept for a similar purpose in any place of public resort.

Illinois courts have, in several instances, reviewed Paragraph 11–42–2, as well as municipal ordinances adopted thereunder, and have found that municipalities may properly regulate and prohibit such machines. *See e.g., Hagen v. City of Rock Island,* 18 Ill.2d 174, 163 N.E.2d 495 (1960); *Leisuretime Recreation Center v. Byrne,* 93 Ill.App.3d 489, 48 Ill.Dec. 926, 417 N.E.2d 658 (1st Dist.1981).

The purpose of restricting coin-operated games to liquor establishments, and of prohibiting minors from operating the games without parents or guardians present, is clearly for the protection of minors. It is, of course, well within the home rule and statutory powers of the City of Des Plaines to protect minors from coin-operated games. Indeed, although the municipality has the authority to ban such games entirely, it chose to ban only pinball, and prohibit unaccompanied minors from access to such games. In *Aladdin's Castle v. Village of North Riverside,* 66 Ill.App.3d 542, 23 Ill. Dec. 289, 383 N.E.2d 1316 (1st Dist.1978), the Illinois Appellate Court upheld an ordinance similar to the one at issue here; this court finds *Aladdin's Castle* to be dispositive of the pertinent issues presented by the cross-motions.

Because it is plain that the ordinance complained of is constitutional on its face, this court does not reach the question of standing. Therefore, for these reasons, plaintiff's motion for summary judgment is

denied; the motion of Des Plaines is granted, and the case is dismissed.

So ordered.