(Nos. 17182-17199.—Judgment reversed.)

THE ARMOUR GRAIN COMPANY, Defendant in Error, *vs.* PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Plaintiff in Error.—THE ARMOUR GRAIN COMPANY, Appellee, *vs.* PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

*Opinion filed February 18, 1926.*

1. STATUTES—*in construing a statute, court should ascertain the legislative intent.* In construing a statute it is the duty of the court to read the entire act and from the words used therein by the legislature determine the legislative intent in enacting the statute.

2. CORPORATIONS—*a corporation, itself, cannot be compelled to answer interrogatories under Municipal Court act—contempt.* As a corporation cannot be called as a witness upon a trial and be examined orally, neither can it be compelled to answer interrogatories under section 32 of the Municipal Court act, as the legislature has in said statute avoided the difficulty by requiring the interrogatories to be answered by the "directors, officers, superintendent or managing agents" of the corporation, and where the court orders the corporation to answer interrogatories it is not in contempt in failing to do so.

3. CONTEMPT—*party charged with contempt may show that the order violated was a nullity.* A party charged with contempt for violation of a judgment, order or decree may acquit himself by showing that such judgment, order or decree is a nullity.

WRIT OF ERROR to and appeal from the Municipal Court of Chicago; the Hon. THEO. F. EHLER, Judge, presiding.

LOESCH, SCOFIELD, LOESCH & RICHARDS, for plaintiff in error and appellant.

TOWNLEY, WILD, CAMPBELL & CLARK, (CHARLES V. CLARK, and FREDERICK D. CARROLL, of counsel,) for defendant in error and appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

The Armour Grain Company brought an action of the first class in the municipal court of Chicago against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. The statement of claim filed alleged that the Armour Grain Company delivered to the railroad company various car-loads of grain for transportation in interstate commerce; that the railroad company did not deliver all of it and that the Armour Grain Company sustained a loss thereby, for which the railroad company was liable. The railroad company filed an affidavit of merits, admitting that it had issued bills of lading covering the shipments in question but denying all the other material allegations in the statement of claim. After these pleadings had been filed the Armour Grain Company asked leave of court to file certain interrogatories, which leave was granted, the interrogatories filed and the railroad company ruled by the court to answer the same. The railroad company did not comply with the rule, and the court entered a rule upon it to show cause why it should not be punished for contempt of court. Upon the hearing upon the rule to show cause the court found the railroad company guilty of contempt of court for not an-

swering the interrogatories and fined it $50. To review this judgment the railroad company perfected an appeal to this court and has also sued out a writ of error. The two cases have been consolidated by order of this court.

Section 32 of the Municipal Court act, with reference to interrogatories in civil actions, is as follows: "That the municipal court in any civil suit pending therein, at any time before the trial or final hearing thereof, may permit the filing therein of interrogatories to be answered by any party to such suit or any person for whose immediate benefit such suit is prosecuted or defended, or by the directors, officers, superintendent or managing agents of any corporation which is a party to the record in such suit, at the instance of the adverse party or parties or any of them, and to require an answer under oath to all such interrogatories as the party to be interrogated might be required to answer, if called as a witness upon the trial or hearing of such suit, but the party filing such interrogatories shall not be concluded by the answers thereto, if he shall elect to introduce the same or any or either of them upon the trial or final hearing." (Smith's Stat. 1925, p. 844.)

The railroad company contends that the statute concerning interrogatories in the municipal court of Chicago, as construed and applied by the municipal court, is unconstitutional because it interferes with and unreasonably burdens interstate commerce, contrary to the third clause of section 8 of article 1 of the constitution of the United States; because it is contrary to the Interstate Commerce act and the Transportation act of 1920; and because it takes private property without just compensation, contrary to the fifth amendment to the constitution of the United States, because it denies to the railroad company due process of law. In the view which we take of this case we do not deem it necessary to decide or discuss these questions.

The railroad company also contends that under the proper construction of this statute the court did not have

jurisdiction or power to require a corporation, as such, to answer interrogatories of any kind. This section of the statute has never been before a court of review in this State upon the question here involved. In construing a statute it is the duty of the court to read the entire statute and from the words used therein by the legislature determine the legislative intent in enacting the same. In *Hill* v. *Jeffery Co.* 292 Ill. 490, in discussing the question of the power to compel a party to testify by deposition, the point was raised that the statute with reference thereto was unconstitutional because it was not mutual and could not apply to a corporation, and the court said: "The difference between natural persons and corporations is a sufficiently manifest reason for a difference in the rule of law as to taking the depositions of parties." While that case is not directly in point here, the reasoning is applicable. At common law the court had no power to require a party to the suit to answer interrogatories. The interrogatories which by this statute the court is authorized to require to be answered are such as the party to be interrogated might be required to answer if called as a witness upon the trial or hearing of such suit. The railroad company is a corporate entity, which could not come into court as a witness upon the trial or hearing of the suit and be examined orally. Construed literally, this section of the statute in question does not require the answering of interrogatories by corporations. The legislature, when it enacted this section of the statute, knew that a corporation could not be called as a witness upon the trial or hearing of a suit, and by the statute provided the manner in which the difference between individuals and corporations, as parties to suits, in the matter of discovery, might be obviated, by providing for the filing of interrogatories to be answered by the directors, officers, superintendent or managing agents of any corporation which is a party to the record in the suit. The municipal court of Chicago was not authorized by law to compel the railroad company

to answer the interrogatories, and therefore the railroad company was not in contempt in failing and refusing to answer the same. It is well settled that a party charged with contempt for violation of a judgment, order or decree may acquit himself by showing that such judgment, order or decree is a nullity. *People* v. *Weigley,* 155 Ill. 491; *Leopold* v. *People,* 140 id. 552.

The judgment of the municipal court of Chicago is therefore reversed.        *Judgment reversed.*