Harry Berman and Harry Salat, Trading as Modern Vending Company, Appellees, v. John C. Prendergast, Commissioner of Police of City of Chicago et al., Appellants.

Gen. No. 44,580.

Opinion filed October 26, 1949. Rehearing denied November 9, 1949. Released for publication November 10, 1949.

Benjamin S. Adamowski, Corporation Counsel, for appellants; Martin H. Foss, Assistant Corporation Counsel, of counsel.

Morris G. Meyers and Edward M. Platt, both of Chicago, for appellees.

Mr. Presiding Justice Lewe delivered the opinion of the court.

By this appeal defendants City of Chicago, Mayor Kennelly, and the Commissioner of Police Prendergast, seek to reverse that part of a decree restraining them from seizing or interfering with the operation, keeping or use in places of public resort within the City of Chicago of an automatic amusement machine or device known as "Total Roll." After the issues were joined the cause was heard by the chancellor who entered the injunction here complained of. Defendants appeal.

The complaint alleges in substance that plaintiffs are engaged in the business of buying, selling, and leasing automatic amusement machines in the City of Chicago; that plaintiffs expended large sums of money in order to make the business profitable; that plaintiffs leased machines to various persons in the City of Chicago who maintain and operate them on their premises and divide the income therefrom equally with plaintiffs; that police officers of the city notified plaintiffs that their amusement machines would be removed from any establishment in which the machines had been placed; and that certain police officers seized and confiscated one of the machines without any warrant of law.

In their answer defendants aver, among other things, that the automatic amusement machine here in controversy is commonly known as a modern variety of bagatelle or pigeonhole table or device, the use of which is prohibited by chapter 193, section 26 of the Municipal Code of Chicago of 1939, as amended. The ordi-

nance in question (ch. 193, sec. 26 of the Municipal Code) reads:

"It shall be unlawful for any person to keep or use in any place of public resort within the city any tables or implements for any game of bagatelle or pigeonhole.

"The term 'bagatelle or pigeonhole,' as used in this section, shall mean a game played with any number of balls or spheres upon a table or board having holes, pockets or cups into which such balls or spheres may drop or become lodged and having arches, pins, and springs, or any of them, to control, deflect, or impede the direction or speed of the balls or spheres put in motion by the player, and shall include the modern variety of bagatelle or pigeonhole commonly known as pin games."

The machine called "Total Roll" is constructed on a wooden table 2 feet wide and 69½ inches long and about 37¾ inches high. At about 6 inches above the playing table is a glass cover with a surface 21½ inches in width and 53¾ inches long. Along the rear of the playing surface of the table there are 7 holes 2½ inches in diameter. Separating the holes are uprights and affixed to the uprights is a resilient substance. There are 6 similar holes on the surface of the playing table and along the inner edge of the side boards is a thin strip of resilient material. The machine is played with wooden balls or spheres which are thrown by the player on the playing surface. Insertion of a coin unlocks the machine and thereafter it is manually operated. The score made by the player is registered on an electrically lighted board extending upward and at the rear of the table. This scoreboard is 21½ inches in width, 22½ inches in height, and 10¾ inches in depth. When a ball is thrown by a player it rolls into one of the holes in the table surface or at the rear of the machine. All of the holes bear numbers and as each ball falls into the hole its number is registered on the scoreboard.

The chancellor found that the machine called "Total Roll" "does not have any arches, pins, springs, or any of them to control, deflect, or impede the direction or speed of the balls or spheres put in motion by the player or operator of said machine or game, and is not a bagatelle or pigeonhole table or implement for a game of bagatelle or pigeonhole, the keeping or use of which is prohibited in any place of public resort within the City of Chicago."

The validity of the foregoing ordinance has been sustained by this court in *Levins v. City of Chicago,* 296 Ill. App. 645; *Coleman v. City of Chicago,* 297 Ill. App. 130; and *Silfen v. City of Chicago,* 299 Ill. App. 117.

It is conceded that "Total Roll" is a game played with wooden balls or spheres upon a playing table having holes into which the balls or spheres may drop.

Plaintiffs contend that the machine does not fall within the prohibition of the ordinance because it lacks arches, pins or springs to control, deflect or impede the direction or speed of the balls put in motion by the player. In the *Silfen* case last cited the machine there involved, called "World Series," simulated a baseball game. It has a table representing a playing field and baseball diamond. The players are represented by ten small metal figures. In front of each figure is a hole with a hood back of it. Back of the playing field there is a curved background representing a baseball grandstand, at the base of which are a number of apertures, rectangular in shape, into which the balls may go. These apertures were held to be arches within the meaning of the ordinance definition. In our opinion the apertures held to be arches in the *Silfen* case are similar to those in the machine in the case at bar.

Plaintiffs argue that the phrase appearing in the ordinance which reads, "having arches, pins and springs or any of them" means that all three factors,

arches, pins and springs, must be present to bring the device within the scope of the ordinance, because of the use of the conjunctive "and." We are unable to agree with this construction because it would render superfluous and meaningless the words "or any of them." We think the word "any" as used in the context means one or all of the factors named. Hence the existence of only one of these factors, "arches," in the device is sufficient to bring it within the purview of the ordinance.

■ We have carefully examined the briefs and abstracts in the *Levins, Coleman,* and *Silfen* cases, where detailed descriptions were given of the machines there in controversy. We find no substantial difference in the structural features of those machines and the one involved in this case. Moreover, most of the contentions made here by plaintiffs are answered in the cases heretofore cited. We hold that "Total Roll" is essentially a bagatelle or pigeonhole device and prohibited by the ordinance.

■ ■ Finally plaintiffs contend that an ordinance (sec. 1, ch. 104–108, inclusive) passed by the city council of the City of Chicago on November 6, 1947, as amended December 12, 1947, providing for the payment of an annual tax on automatic amusement machines, in effect repeals the bagatelle and pigeonhole ordinance (sec. 193–26 of the Municipal Code). The rules for the construction of a municipal ordinance are the same as those applied in construing a statute. (*Dean Milk Co. v. City of Chicago,* 385 Ill. 565.) Repeal of laws by implication is not favored. (*People v. Holderfield,* 393 Ill. 138; *Brotherhood of Railroad Trainmen v. Elgin, J. & E. R. Co.,* 382 Ill. 55); and the intention to repeal will not be presumed unless there is such a clear repugnance between the two laws and their provisions that they cannot both be carried into effect. (*Wilhelm v. Industrial Commission,* 399 Ill. 80.)

██  In the instant case the license ordinance upon which plaintiffs rely merely provides for an annual tax on mechanical amusement devices.  It makes no express reference to the ordinance here in question, nor do we find any of its provisions inconsistent with or repugnant to the ordinance governing bagatelle and pigeonhole machines.

For the reasons stated, that part of the decree appealed from is reversed and the cause remanded with directions to vacate the injunction and dismiss the complaint.

*Reversed and remanded with directions.*

BURKE and KILEY, JJ., concur.