County of DuPage, a Body Politic and Corporate, Plaintiff-Appellee, v. Alfred Molitor, Defendant-Appellant.

**Gen. No. 11,349.**

Second District, First Division.

June 2, 1960.

Charles A. Darling, of Aurora, for appellant.

Hon. William J. Bauer, State's Attorney, Wheaton, and Hon. Edward J. Vertovec, Assistant State's Attorney, Wheaton, for appellee.

McNEAL, P. J.

In 1952 the County of DuPage filed a complaint to enjoin Alfred Molitor from operating a slaughter-house in a district zoned for farming under the county's 1935 zoning ordinance, and defendant filed an answer to the complaint. In 1957 the county revised and amended in its entirety the 1935 ordinance by the substitution in lieu thereof, of its 1957 zoning ordinance. In 1959 a special master reported that the 1935 ordinance was valid and that defendant's use of his property was forbidden by the ordinance. On this report, the Circuit Court of DuPage County entered a decree enjoining defendant from conducting a slaughter-house on his property and ordering him to pay costs totaling $242.50. On plaintiff's petition, the court entered a rule that defendant show cause why he should not be punished for contempt for failure to comply with the decree. Defendant filed an answer to the rule and a motion to vacate the decree. The court denied defendant's motion to vacate, found him

guilty of contempt for failure to comply with the decree, and ordered him committed to the common jail of DuPage county until he purges himself of such contempt by complying with the decree. Defendant appealed.

Defendant's theory on appeal is that when DuPage County revised its 1935 ordinance in 1957, it repealed the former ordinance, this suit for injunction abated on the effective date of the latter ordinance, the court lost jurisdiction of the subject matter of this suit, its decree for an injunction and for costs against defendant is void, and defendant cannot be guilty of contempt for violation of a void order.

To sustain the decree and defendant's commitment to the common jail, the State's Attorney on behalf of the appellee-county, refers to the title of the 1957 ordinance, viz.: "Ordinance of DuPage County, Illinois Relative to Amendment of DuPage County Zoning Ordinance", and says that the county board then amended the 1935 ordinance but did not repeal it; and that the provisions of the 1935 ordinance not expressly or impliedly repealed by the 1957 ordinance, were and still are in full force and effect.

The ordaining clause of the 1957 ordinance reads as follows:

> "NOW, THEREFORE, BE IT ORDAINED by the Board of Supervisors of the County of DuPage, Illinois, that the Zoning Ordinance adopted on December 10, 1935, and subsequently amended, is hereby revised and amended in its entirety, EFFECTIVE May 1, 1957, by the substitution in lieu thereof of the attached ordinance and Zoning District Maps which are attached thereto and made a part thereof."

A subsequent statute revising the whole subject matter of a former statute and intended as a substitute for it, although it contains no express words

to that effect, operates as a repeal of the former statute. 34 I.L.P. 77, Statutes, Par. 86; Culver v. Third Nat. Bank of Chicago, 64 Ill. 528, 534, 536. In People v. Moore, 324 Ill. App. 109, 114, 57 N.E.2d 511, 513, the Court said:

> "Another rule is that a subsequent statute revising the whole subject of a former one and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former. Where a later statute covers the whole subject matter of a previous statute and embraces new provisions which plainly show that it was intended as a substitute for the first, the later statute will operate as a repeal of the former statute even though not in all respects repugnant to such statute."

In construing an ordinance the same rules are applied as those which govern the construction of statutes. 8 I.L.P. 464, Cities, Villages, etc., Par. 151; Reitman v. Village of River Forest, 9 Ill.2d 448, 451, 137 N.E.2d 801. In the instant case the 1957 ordinance leaves little room for construction, because the ordaining clause expressly states that the 1935 ordinance is changed "in its entirety . . . by the substitution in lieu thereof" of the 1957 ordinance and attached maps. Nevertheless, the State's Attorney contends that no repeal of the 1935 ordinance was intended because the words "amendment" and "amended" are used in the title and ordaining clause of the 1957 ordinance.

The record contains complete copies of both of these ordinances. The 1935 ordinance is a yellow-backed pamphlet containing 24 pages 3½ by 6 inches in size. The 1957 ordinance is a green-backed booklet containing 114 pages of text and in addition, zoning maps for each of nine townships. The pages of text in this booklet are 8½ by 11 inches, eight of the zoning

maps measure 11 by 16 inches, and one map is 11 inches wide and 21 inches long. Further, the 1935 ordinance divided the county into seven zoning districts, viz.: Estate, Residence, Farming, Business 1 and 2, and Industrial 1 and 2. Under the 1957 ordinance the farming classification was omitted, and the county was organized into three residential districts, four business districts, and two manufacturing districts. Furthermore, defendant's property was classified in the Farming district under the 1935 ordinance, and zoned residential by the 1957 ordinance. Thus, the 1957 ordinance created more and different use districts than those mentioned in the 1935 ordinance, and imposed greater restrictions on the use of defendant's property than were imposed by the ordinance of 1935.

The State's Attorney also contends that the 1957 ordinance contains a saving clause, as follows: "It is not intended by this ordinance to interfere with or abrogate or annul any ordinance . . . or permits previously adopted or issued, and not in conflict with any of the provisions of this ordinance relative to the use of buildings, structures or land", and that this clause preserved the classification imposed upon defendant's property by the 1935 ordinance. It should be noted that this clause does not purport to save pending actions or proceedings under the ordinance of 1935; also, that the clause is not applicable here because the zoning of defendant's property under the 1957 ordinance was in conflict with its classification under the 1935 ordinance. Further, the 1957 ordinance also provides: (1) "that whenever this ordinance imposes a great(er) restriction upon the use of buildings, structures, or land . . . , then the provisions of this ordinance shall control", and (2) that "all ordinances or resolutions or parts thereof in conflict herewith are hereby repealed insofar as they conflict with the provisions herein set forth." Since the part of the 1935 ordinance which classified defendant's land for farming

236

was in conflict with the provisions of the 1957 ordinance zoning such land residential, the last quoted provision of that ordinance expressly repealed the former farming classification of defendant's property.

■ From our examination of the provisions of these two ordinances we are satisfied that the 1957 ordinance was not an amendment, but a comprehensive revision of the entire 1935 ordinance and a substitute for it. The revision effected a total and complete repeal of the 1935 ordinance.

The effect of the express repeal of the farming classification and of the repealing ordinance was to obliterate the prior classification and ordinance as completely from the records as if the 1935 ordinance had never passed, and it must be considered as a law that never existed, except for those actions or suits which were commenced, prosecuted and concluded while it was an existing law. VanInwagen v. City of Chicago, 61 Ill. 31, 34. In Holcomb v. Boynton, 151 Ill. 294, 297, 37 N. E. 1031, the Court said:

> "By the repealing act of 1872, all right to proceed under the repealed statute was taken away. There was no right to proceed under the decree rendered before the repealing statute went into effect, because there was no saving clause as to pending proceedings, as is usually the case where a law is repealed. Where a statute is repealed without such saving clause, it must be considered, except as to proceedings passed and closed, as if it had never existed."

■ The repeal of an ordinance puts an end to all proceedings growing out of it, and pending at the time of repeal, unless saved by a clause in the repealing ordinance. Naylor v. The City of Galesburg, 56 Ill. 285, 287; Wilson v. Ohio & M. R. Co., 64 Ill. 542, 547. The instant suit was not prosecuted and concluded while the Zoning Ordinance of 1935 was in effect.

237

Since the 1957 ordinance contained no saving clause preserving pending suits, the repeal of the 1935 ordinance destroyed all basis for plaintiff's complaint and for the special master's report that the 1935 ordinance was valid, and the decree entered upon that report was a nullity. It follows that defendant was not obligated to obey orders contained in a void decree (Cory Corp. v. Fitzgerald, 403 Ill. 409, 415, 86 N.E.2d 363; Armour Grain Co. v. Pittsburgh, C., C. & St. L. R. Co., 320 Ill. 156, 160, 150 N. E. 650; Darst v. The People, 62 Ill. 306); and that the trial court erred in denying defendant's motion to vacate the decree, in finding defendant guilty of contempt, and in ordering him committed to the common jail until he purges himself of such contempt. Accordingly the decree and orders of the Circuit Court of DuPage County should be and they are reversed.

Reversed.

DOVE and SPIVEY, JJ., concur.