Donald Athey *et al.*, Plaintiffs-Appellants, *v.* The City of Peru *et al.*, Defendants-Appellees.

(No. 72-236;

Third District—October 3, 1974.

Louis Olivero, of Peru, for appellants.

Helmig & Helmig, and ·Anthony C. Raccuglia, both of Peru, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiffs as adjacent property owners filed a declaratory judgment action seeking to void an ordinance of the defendant City which reclassified the subject property from residential to commercial, and to enjoin its enforcement.

After plaintiffs' motion for a temporary restraining order was denied, an evidentiary hearing was held on the merits of the complaint seeking a permanent injunction. The court denied the relief sought by the plaintiffs. The trial judge in a written opinion held that the ordinance in question was a new ordinance and not an amendment to the existing zoning ordinance; that a zoning commission can be created by the passage of a resolution and not by an ordinance under the provisions of section 11—13—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—2); that members of a zoning commission are de facto officers of a municipality; that the failure of the zoning commission to submit a final report and proposed ordinance within 30 days after the final adjournment of the public hearing does not invalidate the zoning ordinance, since the procedure as outlined in section 11—13—2 of the Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—2) is merely directory and not mandatory; and that the passing of the new zoning ordinance was not an unreasonable, unwarranted or unauthorized invasion of plaintiffs' property rights. Plaintiffs appeal.

They contend that if the zoning ordinance in question is construed as an amendatory ordinance, it fails to comply with sections 11—13—14 and 11—13—3.1 of the Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—14 and 11—13—3.1), requiring passage by a two-thirds vote of the city council, since protests were filed; and if considered a new zoning ordinance, it fails to comply with section 11—13—2 of the Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—2) because the zoning commission was not formed as required by statute. A further claim of invalidity is based upon an alleged conflict of interest of a member of the zoning commission. Plaintiffs also contend that to allow construction of a McDonald drive-in restaurant on the subject property was an unreasonable and arbitrary taking of their property rights in adjoining property and amounted to a denial of due process. They also argue that in the absence of the presentation of any evidence by the city the court should have directed a verdict for the plaintiffs.

This is the second time that the reclassification of the subject property has been before the appellate court. (See *Ceresa v. City of Peru* (1971),

133 Ill.App.2d 748, 755.) In our resolution of this appeal, the threshold issue is whether the zoning ordinance which reclassified the property in question (referred to as number 1699) is a new ordinance as the trial court found, which was passed by the requisite majority vote (Ill. Rev. Stat. 1971, ch. 24, par. 3—11—17); or an amendment to an existing ordinance as claimed by plaintiffs, which failed to pass for lack of the required two-thirds vote over objection.

Prior to the time of the passage of ordinance 1699 on August 25, 1971, there existed an ordinance entitled "Zoning Ordinance of the City of Peru, Illinois, 1963," referred to as ordinance number 1497. A planning commission had also been formed. On June 29, 1970, the city council of Peru approved a resolution authorizing the creation of a zoning commission. The resolution contained language expressing the purpose of amending the existing ordinance by adopting a comprehensive new zoning ordinance. After the resolution was adopted the members of the planning commission also became members of the zoning commission and assumed the same offices by their own vote and not by any other appointment. After the commission's first meeting on July 2, 1970, notice was published calling for a public hearing to be held on July 22.

The July 22 public hearing was attended by several property owners, including Mr. Kaszynski the owner of the subject property, who requested that their properties be given zoning classifications other than set forth in the proposed comprehensive amendment. The matter was adjourned until August 10 in order to hear further testimony from persons with further objections.

The final meeting of the zoning commission was held on February 10, 1971. Subsequently on March 8, 1971, chairman Biederstedt appeared personally and by letter and reported the efforts of the commission to the city council. The corporation counsel of Peru also read portions of the ordinance at that time, and again on March 22 and May 17. No final report of the zoning commission, however, was ever presented.

While no public protests were lodged at the public hearing, two petitions in opposition to reclassification of the Kaszynski property were submitted to chairman Biederstedt on June 2 and July 1, 1971. The record does not reveal whether they were also filed with the clerk of the municipality.

On August 23, 1971, the city council began consideration of the proposed amendment but because of the late hour it adjourned the matter to August 25. At that time several amendments to the proposal were discussed, including one concerning the subject property, resulting in an adoption of an amendment reclassifying that property commercial as requested. Following discussion the proposed comprehensive amendment

as amended was adopted by a vote of 6 to 4. The minutes of the meeting reflect that the council expressed concern that the provision had not been passed by a two-thirds vote; and the corporation counsel was requested to write an opinion. His letter of opinion was incorporated in the minutes of the September 7 council meeting and expressed the view that the provision was a new ordinance validly adopted by a majority vote.

Although the provision had been voted on as an amendment to the existing ordinance it was often referred to in discussions as a new ordinance and the matter was further obscured by the presence of two titles. Following the corporation counsel's opinion letter, however, it was redesignated "zoning ordinance 1699."

■■ As a general rule, an amendatory ordinance does not purport to repeal an ordinance as it previously existed but merely changes or alters the original ordinance, or some of its provisions; and such portions of the old ordinance as are repeated or retained either literally or substantially are regarded as a continuation of the old ordinance, and not the enactment of a new ordinance nor the repeal of the former ordinance. (*Village of Park Forest v. Wojciechowski* (1963), 29 Ill.2d 435, 438.) The primary purpose of construction of ordinances is to determine and give full effect of the intent of the law-making body as revealed by the language used. (*Gregory v. County of La Salle* (1968), 91 Ill.App.2d 290, 296-297.) The words employed should be given their plain and ordinary or commonly accepted or popular meaning unless to do so would defeat legislative intent. *Droste v. Kerner* (1966), 34 Ill.2d 495, 503.

The introductory clause of ordinance number 1699,

> "Whereas the City of Peru, Illinois now desires to amend comprehensively its existing ordinance by adopting a new ordinance"

is ambiguous. The record shows that the document was referred to in the city council discussion both as a new ordinance and a comprehensive amendment, with the terms used interchangeably. But our analysis of the document in all its terms leads us to the conclusion that ordinance 1699 is the new ordinance, and not an amendment to an existing ordinance.

■■ Whether an ordinance is amendatory is not determined by its title; nor is the reference to another ordinance in the title of the new provision determinative. (*People ex rel. Abt v. Bowman* (1911), 253 Ill. 234, 245.) An act is complete in itself as to the subject with which it deals when it is intelligent and when upon examination without reference to other acts it discloses its purposes and its methods of carrying out those purposes. (*People ex rel. Rusch v. Ladwig* (1937), 365 Ill. 574, 581.) A subsequent statute revising the whole subject matter of a former statute and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former act. *City of Metropolis*

*v. Gibbons* ( 1929 ), 334 Ill. 431, 434; *County of Du Page v. Molitor* ( 1960 ), 26 Ill.App.2d 232, 234-235.

■■ A comparative analysis of former ordinance number 1497 (containing 16 pages) with the new ordinance number 1699 (containing 115 pages) reveals the new provision to be complete and independent in itself. The format of the later act is entirely different from that of the previous ordinance and its provisions neither incorporate nor intermingle with those of ordinance number 1497. It fashions some 146 definitions as compared to the 52 appearing in the previous ordinance. No area covered by ordinance number 1497 is left unregulated by 1699 with the exception of certain procedural as opposed to substantive provisions. The new enactment totally displaces the former provision. In our view the trial court correctly found that ordinance 1699 was a new and not an amendatory ordinance and that it passed by the required majority of the votes of the legislative body.

We are also not persuaded by plaintiffs' alternative argument that even if the ordinance is considered a new zoning ordinance the allegedly invalid method of forming the zoning commission requires reversal. Plaintiffs urge that because the zoning commission was formed by resolution and not by ordinance and because the commission did not submit tentative and final reports ( Ill. Rev. Stat. 1969, ch. 24, par. 11—13—2) that the acts of the zoning commission were invalid.

Defendants concede that the document established in the commission labeled "ordinance no. 1644" is a resolution. They claim however that a zoning commission can be effectively created by resolution. We agree.

■■ Resolutions have been described as merely statements of opinion or ministerial acts; and it has been stated that ordinances are necessary for municipal legislation of a continuing nature. ( *Village of Gulfport v. Buettner* ( 1969 ), 114 Ill.App.2d 1, 9.) This is not the case where the enabling statute does not require an ordinance to enact legislation. *Houston v. Village of Maywood* ( 1956 ), 11 Ill.App.2d 433, 439; *Village of Hoffman v. Meier* ( 1972 ), 4 Ill.App.3d 949, 952.

Contrary to plaintiffs' views we do not read section 11—13—2 of the Illinois Municipal Code ( Ill. Rev. Stat. 1971, ch. 24, par. 11—13—2) to require that a zoning commission may be created only by ordinance even though the term zoning ordinance appears in the section. Nor do we agree with the further argument of plaintiffs that the permanent nature of the commission and the capacity of the members as public officers requires creation by ordinance.

Plaintiffs' analogy to section 11—12—4 of the Municipal Code relating to the establishment of planning commissions fails because the provision specifically refers to the creation, organizing and staffing of a planning de-

partment by ordinance. In contrast, section 11—13—2 of the Municipal Code is not explicit as to the creation of the zoning commission but states that the corporate authorities "shall provide" for a zoning commission. (Ill. Rev. Stat. 1971, ch. 24, par. 11—13—2.) The language of the statutes which plaintiffs seek to compare refutes the claim of an equal degree of permanency. A planning commission remains in existence indefinitely once properly formed, while a zoning commission under the terms of the statute "shall cease to exist upon the adoption of a zoning ordinance for the entire municipality." *Chicago & Northern Pacific R.R. Co. v. City of Chicago* (1898), 174 Ill. 439, 445, cited by plaintiffs does not suggest a different conclusion here. The creation of a zoning commission is an initial step. The final responsibility rests with the municipal authorities who may enact a proposed ordinance with or without changes or refer it back to the commission for further consideration. (*Village of Bourbonnais v. Herbert* (1967), 86 Ill.App.2d 637, 372-373.) The commission, which is to go out of existence when its work on the comprehensive zoning ordinance is finished, need not be established by formal ordinance since that requirement is neither express nor implied by necessary inference.

■■ Plaintiffs' argument directed at the procedures of the zoning commission would appear to be based upon a factual issue which was presented and decided by the trial court. While there was no written report made to the city council by the zoning commission, it appeared that there was instant communication between the commission and the city council. In view of the lack of statutory guidelines as to what is compliance with the reporting requirements, the trial court's finding of substantial compliance was not clearly against the manifest weight of the evidence and should be upheld.

■■ Plaintiffs' argument that the rezoning of the property in question was arbitrary and unreasonable takes several directions. They contend that they have made a prima facie case that the zoning is invalid but there is no substantial effort to point out in what way the rezoning offends the often stated and well known standards. And in fact it appears clearly from the record that the rezoning of the subject property is a reasonable legislative act. The record shows that the surrounding area contains a shopping center, a nearby service station and a law office, all with existing dependence on automobile traffic. See *Mobil Oil Corp. v. City of Rockford* (1972), 8 Ill.App.3d 649, 653-654.

Plaintiffs argue that they were entitled to a directed verdict because the defendants did not put in any evidence but rested after the presentation of the plaintiffs' case. No authorities have been cited and we have found none which hold that a case for the defendants cannot be proved

by the plaintiffs' evidence. Here the court, after considering the evidence, did not conclude that the evidence showed that ordinance number 1699 was properly passed and that the presumption that the city had properly classified the subject property had not been overcome by plaintiffs' evidence.

■■ The rule for directing verdicts does not require that verdicts be directed merely because a defendant has failed to introduce evidence in his own behalf or has failed to dispute facts presented by the plaintiff. Facts may be undisputed or a defendant may have failed to introduce evidence, but it does not follow that issues are therefore uncontroverted. Undisputed facts may give rise to different reasonable inferences. See *Galarza v. Melter* (1969), 116 Ill.App.2d 173, 178; *Ladd v. Ruck* (1969), 108 Ill.App.2d 379, 382-383.

■■ The main thrust of plaintiffs' argument appears to be directed at the fact that a member of the zoning board had a business relationship with the zoning petitioner and that the conflict of interest prevented an impartial hearing before the zoning commission. However, in determining the validity of a municipal ordinance, the court is not generally concerned with and has no jurisdiction to inquire into the motives or to determine the propriety of the policy which prompted enactment of an ordinance. A recognized exception of this rule of abstention is that an ordinance may be impeached for fraud by persons injuriously affected by its application. (*Anthony v. City of Kewanee* (1967), 79 Ill.App.2d 243, 247.) Here, plaintiffs' complaint and arguments do not allege fraud. A mere allegation of conflict of interest of a participating zoning commission chairman does not invalidate a final ordinance adopted by the city council, particularly since the recommendations and report of the zoning commission are not binding on a municipality. Ill. Rev. Stat. 1971, ch. 24, par. 11—13—2.

For the reasons stated, we affirm the judgment below.

Affirmed.

T. MORAN, P. J., and RECHENMACHER, J., concur.