STATE NATIONAL BANK, Plaintiff-Appellant, *v.* ZONING BOARD OF APPEALS OF THE CITY OF EVANSTON *et al.*, Defendants-Appellees.

First District (3rd Division) No. 78-1890

Opinion filed September 19, 1979.—Modified on denial of rehearing February 27, 1980.

Donald R. Harris and Jayne W. Barnard, both of Chicago (Jenner & Block, of counsel), for appellant.

Harvey Schwartz, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, State National Bank, brought this action under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*), challenging a decision of the zoning board of appeals of the city of Evanston. The zoning board had revoked a building permit issued to plaintiff by the city's director of inspections and permits for expansion of an existing drive-in facility. The trial court ruled that a single finding of the zoning board was not contrary to the manifest weight of the evidence and formed a sufficient basis for the board's decision. The trial court consequently upheld the decision of the zoning board, and plaintiff appeals.

In 1965, plaintiff sought to develop a building complex at the northeast corner of Orrington Avenue and Davis Street in Evanston. The complex was to include a 15-story hotel, a 20-story bank and office building, retail stores, and a drive-in banking facility. Plaintiff applied for a special land use permit for planned development of two adjacent parcels of land. The complex was to be erected on the parcel of land located at the corner of the two streets. The drive-in facility was to be built on the adjacent parcel of land which had frontage only on Davis Street. The drive-in facility was to have a frontage of approximately 50 feet and a depth of approximately 116 feet, with entry and exit on Davis Street.

After a public hearing, the Evanston City Council passed a planned unit development (PUD) ordinance granting plaintiff a special land use permit for the building complex. The ordinance became effective on September 7, 1965. In 1966, the drive-in banking facility was erected. The facility was the only structure built under the 1965 special land use permit. It was built on the property encompassing 611 through 615 Davis Street, and no expansion ever occurred.

In 1967 plaintiff abandoned its original development plan in favor of a new project which consisted of a 21-story bank and office building, and a separate two-story structure for retail merchants and commercial enterprises. The new complex was to be erected at the corner of Orrington and Davis. Plaintiff's new proposal for another land use permit did not contain plans for the drive-in facility and made no reference to the property upon which the drive-in facility had been erected. After a public hearing, the city council repealed in its entirety the 1965 ordinance granting a special land use permit to plaintiff for the original development plan. The council passed another ordinance issuing another land use permit to plaintiff for the new proposal. Construction of the buildings under plaintiff's new proposal was completed in 1968.

In 1976, plaintiff applied for a building permit to further expand its existing drive-in banking facility. Plaintiff's plan provided for an

additional 60 feet of frontage on Davis Street. On June 10, 1977, the building permit for expansion of the facility was granted. Local merchants and office tenants in the area protested to the zoning board the issuance of the building permit. The protesters asserted that the increased traffic and reduction of parking caused by such an expansion would adversely affect their businesses.

The zoning board revoked the issuance of the permit. It held that the drive-in banking facility remained part of a planned development under the repealed 1965 ordinance because the 1967 land use ordinance contained no provisions altering the status of the drive-in banking facility from a planned use development.

■■ The rules which govern the construction and interpretation of statutes should be used in construing municipal ordinances. (*City of East St. Louis v. Union Electric Co.* (1967), 37 Ill. 2d 537, 229 N.E.2d 522, *cert. denied* (1968), 390 U.S. 948, 19 L. Ed. 2d 1136, 88 S. Ct. 1034; *Village of Park Forest v. Wojciechowski* (1963), 29 Ill. 2d 435, 194 N.E.2d 346.) In the interpretation and construction of ordinances, the intention of the lawmaking body should be ascertained and given effect. (*Athey v. City of Peru* (1974), 22 Ill. App. 3d 363, 317 N.E.2d 294; *Gregory v. County of LaSalle* (1968), 91 Ill. App. 2d 290, 234 N.E.2d 66.) The intent of the lawmaking body is to be sought principally from the language used within the statute, and where the wording of the statute is plain and unambiguous, there is no need of construction to ascertain its meaning. *Nordine v. Illinois Power Co.* (1965), 32 Ill. 2d 421, 206 N.E.2d 709; *Illinois Racing Board v. Hammond* (1977), 56 Ill. App. 3d 609, 371 N.E.2d 1189.

■■ In the present case, the 1967 ordinance expressly provides that the 1965 ordinance is repealed. The language used in the 1967 ordinance is plain and unequivocal and must be given effect. That portion of the property for which plaintiff is now seeking a building permit which was subject to a planned unit ordinance was deleted from the succeeding planned unit ordinance. Accordingly, the director of inspections and permits, pursuant to the general terms of the Evanston Zoning ordinance, properly granted plaintiff's permit.

■■■ Defendants argue that such a holding leads to an absurd result in that plaintiff's bank and office building is subject to planned development restrictions contained in the 1967 ordinance while the drive-in banking facility is not so governed, which is inconsistent with plaintiff's original proposal embodied in the 1965 ordinance. Such an argument ignores the repeal of the ordinance. The effect of an express repeal of an ordinance is to eliminate the ordinance and end all proceedings growing out of such ordinance as if it had never been passed, unless saved by a clause in the repealing ordinance. (*Show of Shows, Inc. v. Illinois Liquor Control*

*Com.* (1967), 86 Ill. App. 2d 109, 230 N.E.2d 268; *County of DuPage v. Molitor* (1960), 26 Ill. App. 2d 232, 167 N.E.2d 592.) In the absence of any saving clause in the repealing act, the repealed ordinance is revoked in its entirety. (*Show of Shows, Inc. v. Illinois Liquor Control Com.*) The 1967 ordinance contains no saving clause preserving the drive-in banking facility as part of a planned development. The fact that plaintiff's properties, although originally planned as part of an integrated development, now occupy a different status for land use purposes, has no bearing on the issue before us. The language of the 1967 ordinance is plain and certain. We may not read into the ordinance words which are not within the plain intention of the council as determined from the ordinance itself, nor may we restrict or enlarge the plain meaning of an unambiguous ordinance. (*Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 311 N.E.2d 673; *Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313.) The zoning board incorrectly revoked the permit issued to plaintiff. The trial court erred in upholding the zoning board's decision.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for consideration of the remaining findings and decision of the zoning board of appeals of the city of Evanston.

Reversed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.