DAVID NOLAN, Plaintiff-Appellee, v. THE CITY OF GRANITE CITY, Defendant-Appellant.

Fifth District No. 5—86—0533

Opinion filed October 1, 1987.—Rehearing denied November 10, 1987.

Charles R. Douglas, Assistant City Attorney, of Granite City, for appellant.

Carol L. Cagle, of Cagle Law Offices, of Alton, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, city of Granite City (the city), appeals from the judgment entered against it by the circuit court of Madison County in favor of plaintiff, David Nolan, a former employee of the city. At the heart of the controversy is the interpretation of certain ordinances pertaining to unused accumulated sick leave pay for certain city employees.

Plaintiff was hired by the city as an engineering assistant in July of 1976. In August of 1979, he became an administrative aide to the mayor and served the city in that capacity until February of 1982. Plaintiff left his position in the mayor's office to take a position with the Granite City Park District, a separate unit of local government independent of the city. At the time of this last change of positions, plaintiff was less than 30 years old. Plaintiff had worked a total of 5½ years for the city and had accumulated 90 days of unused sick leave.

In 1968, the city passed ordinance No. 2574 entitling all full-time city employees (with certain limited exceptions) to receive pay for one-third of their unused sick leave up to a total of 30 days provided: (1) the employee had retired and (2) the employee had served the city for a minimum of 10 years. In 1970, the city passed ordinance No. 2691. Section 5 of this ordinance expressly amended the "sick leave ordinance" to increase the percentage of unused accumulated sick

leave to be paid to retiring teamsters, laborers and painters from 33% to 50%. No other changes pertaining to accumulated sick leave were made at this time. In September of 1972, the city reaffirmed all provisions of and amendments to the sick leave benefit plan, except for one section not applicable to the instant suit, through ordinance No. 2894.

A little over a month later, in November of 1972, the city passed two ordinances pertaining to employee benefits. Ordinance No. 2907 in part increased the maximum percentage of unused accumulated sick leave to be paid from 33% to 50% for sewage treatment plant workers. The ordinance at issue here, No. 2910, gave city hall employees the same percentage increase of collectible unused accumulated sick leave. Neither ordinance made any express reference to the "sick leave ordinance," as had ordinance No. 2691 pertaining to teamsters, laborers and painters. Specifically, section 2 of ordinance 2910 read: "That upon retirement by a city hall employee, he shall be entitled to 50% of his accumulated sick leave up to 90 days."

Upon his resignation from employment with the city, plaintiff demanded payment for 50% of his unused accumulated sick leave. The city refused to pay because plaintiff had not been employed by it for 10 years and because plaintiff was not a retiree under its understanding of the ordinances. Plaintiff filed suit claiming that ordinance No. 2910 repealed ordinance No. 2574, thereby eliminating the 10-year minimum service requirement. The city argued ordinance No. 2910 merely amended ordinance No. 2574 in order to give city hall employees the same percentage increase of collectible pay as given to other city employees provided the 10-year service requirement was met. The trial court held in favor of plaintiff and ordered the city to pay plaintiff $3,622.80, plus costs of the suit. We reverse.

Ordinance No. 2574 created an employee's right to receive pay for sick leave accumulated during employment with the city provided that employee had retired and had served the city for more than 10 years. If these requirements were met, the employee was entitled to one-third of the accumulated sick leave pay, not to exceed 30 days. Section 2 of ordinance No. 2910 raised the percentage of unused accumulated sick leave collectible by city hall employees from one-third to one-half, in line with all other city employees. The section makes no other reference to the sick leave plan; it neither repeals nor affirms the 10-year service requirement.

■■ ■ Our courts continually have held that in construing ordinances, the same rules apply as those which govern the construction of statutes. (See, *e.g.*, *Village of Park Forest v. Wojciechowski* (1963), 29 Ill. 2d 435, 437, 194 N.E.2d 346, 348; *State National Bank v. Zon-*

*ing Board of Appeals* (1979), 81 Ill. App. 3d 105, 107, 400 N.E.2d 433, 435; *Berman v. Prendergast* (1949), 338 Ill. App. 580, 584, 88 N.E.2d 374, 376.) One of these rules is that an amendatory ordinance does not repeal an ordinance as it previously existed but merely changes or alters the original ordinance, or some of its provisions, to read as stated in the amendment, with the original ordinance continuing to operate in its changed form. (*Village of Park Forest v. Wojciechowski* (1963), 29 Ill. 2d 435, 438, 194 N.E.2d 346, 348. See also *Athey v. City of Peru* (1974), 22 Ill. App. 3d 363, 367, 317 N.E.2d 294, 297.) Repeal by implication is not favored. (*Board of Commissioners v. County of Du Page* (1982), 107 Ill. App. 3d 409, 412, 437 N.E.2d 923, 926, *aff'd* (1983), 96 Ill. 2d 378, 450 N.E.2d 332; *Berman v. Prendergast* (1949), 338 Ill. App. 580, 584, 88 N.E.2d 374, 377.) Only if there is a clear conflict between the two ordinances so that they both cannot be carried out will the intention to repeal be presumed. (*Berman v. Prendergast* (1949), 338 Ill. App. 580, 584, 88 N.E.2d 374, 377.) Otherwise, ordinances should be interpreted consistently with one another as part of a coherent system of legislation and those ordinances relating to the same subject matter should be construed harmoniously where possible, giving meaning to each. See *In re Marriage of Pick* (1983), 119 Ill. App. 3d 1061, 1065, 458 N.E.2d 33, 36; *Board of Commissioners v. County of Du Page* (1982), 107 Ill. App. 3d 409, 412, 437 N.E.2d 923, 927, *aff'd* (1983), 96 Ill. 2d 378, 450 N.E.2d 332; *Schwartz v. City of Chicago* (1974), 21 Ill. App. 3d 84, 88, 315 N.E.2d 215, 219.

■ With these principles in mind, we must agree with the city's interpretation of ordinance No. 2910. In other words, ordinance No. 2910 merely amends ordinance No. 2574 by increasing the percentages of unused accumulated sick leave collectible by city hall employees. All other provisions of the sick leave benefit plan found in ordinance No. 2574 are still in existence and applicable to city hall employees. To be entitled to the unused sick leave pay, plaintiff must have worked continuously for the city for a period of at least 10 years.

We find no intention to repeal ordinance No. 2574 in ordinance 2910 or any evidence of inconsistency between the two. The 50% sick leave amendment of ordinance No. 2910 has nothing to do with the 10-year service requirement of ordinance No. 2574. No. 2910 deals only with the extent of the benefit, whereas No. 2574 details conditions precedent to be satisfied before collection of that benefit. The two can be construed harmoniously with little difficulty. Moreover, such construction is consistent with the intent of the city to treat all

of its employees equally with respect to this particular benefit, as well as the city's reaffirmation of the sick leave benefit plan via ordinance No. 2894, passed just 41 days before the passage of ordinance No. 2910. Nothing in ordinance No. 2910 indicates an intention to alter the requirements set forth in ordinance No. 2574.

 █ Whether an ordinance is amendatory is not determined by its title; nor is reference to another ordinance (or lack thereof) determinative. (*Athey v. City of Peru* (1974), 22 Ill. App. 3d 363, 367, 317 N.E.2d 294, 297.) Ordinances relating to the same subject or object should be construed together as though one ordinance, even though enacted at different times. (See *In re Marriage of Pick* (1983), 119 Ill. App. 3d 1061, 1066-67, 458 N.E.2d 33, 37.) Therefore, provisions omitted from one should be applied in a proceeding under the other as long as not inconsistent with the purposes of the act in general. 119 Ill. App. 3d 1061, 1067, 458 N.E.2d 33, 37. See also *People v. Nunn* (1979), 77 Ill. 2d 243, 249, 396 N.E.2d 27, 29; *City of Nameoki v. City of Granite City* (1950), 408 Ill. 33, 95 N.E.2d 920. *Cf. County of Du Page v. Molitor* (1960), 26 Ill. App. 2d 232, 234-35, 167 N.E.2d 592, 593-94 (subsequent statute which is comprehensive revision of whole subject matter and intended as a substitute for former statute operates as a repeal of former statute).

 Plaintiff argues, however, that the city has not applied the 10-year service requirement consistently, therefore the requirement must have been repealed by later ordinances. An ordinance is not rendered invalid by the failure of a city to enforce it. (See *American Baking Co. v. City of Wilmington* (1938), 370 Ill. 400, 404, 19 N.E.2d 172, 174; *City of Metropolis v. Gibbons* (1929), 334 Ill. 431, 437, 166 N.E. 115, 118.) Moreover, plaintiff has only furnished one example to support his position, that of an employee who received unused accumulated sick leave pay after serving the city for 8½ years before retiring from employment. A single incident does not depict a pattern that might otherwise suggest the city was not following the 10-year service requirement contained in ordinance No. 2574.

 We also find support for our decision to reverse plaintiff's award of unused accumulated sick leave pay in the language of ordinance No. 2910 itself. The ordinance reads in part "upon retirement." While not defined in any of the city's ordinances pertaining to unused accumulated sick leave, "retirement" customarily is understood to mean having attained an age at which further regular employment is not contemplated. (*Cf.* section 2—119 of Illinois Pension Code (Ill. Rev. Stat. 1985, ch. 108½, par. 2—119).) Plaintiff was not yet 30 when he changed positions and would not be viewed by others as hav-

ing retired in the ordinary sense of the word. If the city intended to allow any employee to receive unused accumulated sick leave pay upon any type of resignation from city employment, it most likely would have used a more general term, such as termination. The city apparently chose the word "retirement" to benefit only those long-term employees who had served the city until reaching an age when no further regular employment was normally contemplated.

For the foregoing reasons, we reverse the judgment of the circuit court of Madison County.

Reversed.

HARRISON and LEWIS, JJ., concur.