PETER POULAKIS, Plaintiff-Appellant, v. TAYLOR RENTAL CENTER, INC., Defendant-Appellee.

First District (4th Division)  No. 1—89—1398

Opinion filed January 24, 1991.—Rehearing denied March 25, 1991.

Lindner, Speers & Reuland, of Chicago (Jonathan K. Gray, of counsel), for appellant.

Roderick J. Bergin, of Chicago (Karin Kepler, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Peter Poulakis, plaintiff, appeals from certain orders of the circuit court and a jury verdict in favor of Taylor Rental Center, Inc., defend-

ant. Plaintiff sought to recover damages for injuries he allegedly sustained as a result of a defective trailer he rented from defendant. On appeal, plaintiff raises the following issues: (1) whether the trial court properly denied his motion for directed verdict; (2) whether the "expert testimony" was properly stricken from his evidence deposition; (3) whether the trial court properly denied his motion to consolidate this case with another personal injury case; and (4) whether the jury verdict was against the manifest weight of the evidence.

We affirm.

The record discloses that on August 12, 1982, plaintiff rented a 4-by 8-foot steel frame trailer from defendant. Plaintiff testified that he went to defendant's premises and told the defendant's manager that he intended to use the trailer to carry several railroad ties to his home for landscaping purposes. Defendant's manager, however, testified that plaintiff informed him that he was going to use the trailer to haul an unspecified amount of "firewood." Defendant's manager told plaintiff that if he intended to haul a substantial amount of "firewood" that he should not attempt to load all of it in the trailer at the same time.

Prior to "hitching" the trailer to plaintiff's car, another of defendant's employees inspected the trailer for defects. It was reported that the trailer was free of defects at that time.

After leaving defendant, plaintiff drove approximately 30 miles to a railroad yard. He and his 14-year-old nephew loaded six or seven ties into the trailer. They then proceeded to plaintiff's house via one of the expressways. En route to plaintiff's house, the hitch disconnected and the trailer became dislodged. Part of the trailer then collided with plaintiff's automobile.

Christopher Colon, who was travelling behind plaintiff in a tow truck, witnessed the incident. After plaintiff's vehicle came to a rest, Colon approached plaintiff and asked whether he needed any assistance. Plaintiff did not appear to have sustained any injuries. However, when plaintiff attempted to lift the ties that had fallen out of the trailer, he experienced some back pain. According to Colon each of the ties weighed approximately 200 to 275 pounds. Plaintiff then allowed his nephew and Colon to load the remaining ties into Colon's tow truck. Colon then attached the trailer to his truck and drove to plaintiff's house, where he assisted plaintiff in removing the ties from the truck.

Dr. Jacob Bernstein testified, at his evidence deposition, that plaintiff had a preexisting lumbar condition that was aggravated by this incident. Plaintiff was treated for injuries sustained to his back, shoulder, and neck.

Plaintiff filed a complaint seeking damages from defendant on October 22, 1982. On July 11, 1988, plaintiff moved to consolidate this case with another personal injury case against Sears Roebuck and Co. in which he allegedly sustained injuries to his back. The motion to consolidate these causes of action was denied by the court. On July 6, 1989, the jury, after hearing all of the evidence, found defendant not guilty.

The first issue plaintiff raises for our review is whether his motion for a directed verdict on the issue of his contributory negligence was properly denied. Defendant, in its affirmative defense, alleged that plaintiff had negligently overloaded the trailer in question. Defendant also alleged that because plaintiff had misused the trailer by overloading it, he assumed the risk of injury.

Plaintiff, on the other hand, reasons that because defendant had not produced any evidence concerning the trailer's load capacity, defendant could not prove that plaintiff had overloaded or misused the trailer.

■ In *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, the Illinois Supreme Court set forth the following rule for determining whether a directed verdict must be entered:

> "[V]erdicts ought to be directed *** only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick*, 37 Ill. 2d at 510.

■ Conflicts in evidence must be resolved in favor of the party opposing the motion for the directed verdict. (*Hick v. Hendricks* (1975), 33 Ill. App. 3d 486, 489.) However, it is not incumbent upon the nonmoving party to introduce evidence in its own behalf. As the court in *Athey v. City of Peru* (1974), 22 Ill. App. 3d 363, held:

> "The rule for directing verdicts does not require that verdicts be directed merely because a defendant has failed to introduce evidence in his own behalf or has failed to dispute facts presented by the plaintiff. Facts may be undisputed or a defendant may have failed to introduce evidence, but it does not follow that issues are therefore uncontroverted. Undisputed facts may give rise to different reasonable inferences." (*Athey*, 22 Ill. App. 3d at 370.)

Therefore, defendant's alleged failure to produce any definitive evidence on the load capacity of the trailer is not fatal to its affirmative defense of contributory negligence nor does it warrant a verdict directed in plaintiff's favor. *Athey*, 22 Ill. App. 3d at 370.

■ Moreover, the facts in the instant case are in dispute. Plaintiff concedes that the ties were heavy, but alleges that he was not told what would be considered an overload. Defendant, on the other hand, alleges that plaintiff was told that if he was going to carry a substantial amount of firewood, more than one trip would be necessary. This leads to the inference that plaintiff was in fact told what would be considered an overload. Since the factual allegations of the parties are conflicting, a directed verdict would not be appropriate. *Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 491.

■ Plaintiff also alleges that there was no basis for defendant's affirmative defense of contributory negligence due to the misuse of the trailer, as there was no evidence the trailer was overloaded. However, as defendant correctly argues, questions of negligence, due care, and proximate cause are questions of fact for the jury to determine. (See *Thomas v. Northington* (1985), 134 Ill. App. 3d 141.) After viewing the evidence in a light most favorable to defendant, we do not find that the trial court erred in denying plaintiff's motion for a directed verdict.

■ The second issue plaintiff raises is whether the trial court erred in striking certain portions of Christopher Colon's evidence deposition. Colon was an eyewitness to the accident. Specifically, plaintiff refers to Colon's testimony that he observed that the coupler, which attaches the trailer to the car, had broken away from the trailer. Colon speculated that the reason for the break was due to rotted welding. The trial court struck this portion of Colon's testimony on the basis that Colon did not qualify as an expert nor had Colon been disclosed to defense counsel as an expert pursuant to Supreme Court Rule 220 (134 Ill. 2d R. 220).

Plaintiff, however, argues that pursuant to *Altszyler v. Horizon House Condominium Association* (1988), 175 Ill. App. 3d 93, a lay witness may give opinion testimony even if it embraces an ultimate issue to be decided by the jury. In *Altszyler*, the plaintiff sustained injuries when he fell from his bicycle. The plaintiff's bicycle went over a grade differential in a sidewalk causing the front wheel to dislodge, resulting in the collapse of his bicycle.

A janitor employed by one of the defendants was allowed to testify as to the cause of the deterioration in the grade of the sidewalk slabs. The court allowed this testimony, even though the janitor was not an engineer or an expert witness. The court found that his testimony was rationally based and helpful to a determination of a fact in issue. *Altszyler*, 175 Ill. App. 3d at 100.

*Altszyler,* as defendant argues, is distinguishable because the janitor's testimony was based upon his observations over a period of 16 years. In the instant case, Colon's testimony was based upon his observation at the time of the incident. Colon had not seen the weld prior to the incident. He merely speculated as to what he felt was the cause of the accident.

A lay witness must state the facts and not draw conclusions; any inferences to be drawn from the evidence presented is the duty of the trier of fact. (*Cunningham v. Central & Southern Truck Lines, Inc.* (1968), 104 Ill. App. 2d 247, 264-65.) Opinion testimony that is based purely on guess, surmise or conjecture is inadmissible and is tantamount to no evidence at all. (*Paul Harris Furniture Co. v. Morse* (1956), 10 Ill. 2d 28, 38.) We find that Colon's testimony was properly restricted. Any inferences as to the cause of the accident must be drawn by the trier of fact.

The next issue plaintiff raises is whether the trial court erred in denying his motion to consolidate this case with a later case in which he sustained personal injuries. Plaintiff claims that the injuries sustained from both of these incidents were indivisible and, therefore, the jury should have been allowed to determine which incident contributed to these allegedly indivisible injuries.

A joinder of multiple defendants depends upon the right to relief arising out of the same transaction or transactions and the existence of a question of law or fact that is common to the parties. (*Sommers v. Korona* (1964), 54 Ill. App. 2d 425, 432.) In *Schwartz v. Swan* (1965), 63 Ill. App. 2d 148, the court stated:

> "Unless it can be determined with reasonable certainty to which occurrence plaintiff's alleged injuries are attributable, the nature and severity of plaintiff's injuries, and the extent to which each [incident] contributed thereto is a common question of fact." *Schwartz,* 63 Ill. App. 2d at 157-58.

In *Denzel v. County of Cook* (1978), 65 Ill. App. 3d 286, the appellate court set forth two situations in which a joinder of separate causes is permissible: (1) where the separate acts of the defendants in question produce a single indivisible injury, or (2) where one defendant causes the injury and the other defendant exacerbates that same injury. *Denzel,* 65 Ill. App. 3d at 288-89; see also *Yanan v. Ewing* (1990), 205 Ill. App. 3d 96.

However, plaintiff does not cite to any authority which mandates a new trial because two cases in which indivisible injuries were alleged were not consolidated. Further, plaintiff has not shown that if these cases had been consolidated the verdict would have been differ-

ent. Moreover, plaintiff concedes that the issue of consolidation would only arise in the event a new trial is ordered by this court. As we do not find that plaintiff is entitled to a new trial, we need not address the propriety of the trial court's denial of plaintiff's motion for consolidation.

The last issue plaintiff raises is whether the verdict was against the manifest weight of the evidence. Plaintiff properly cites to *Thiele v. Ortiz* (1988), 165 Ill. App. 3d 983, for the following standard to be used in determining whether the verdict is against the manifest weight of the evidence:

> "A jury verdict is contrary to the manifest weight of the evidence only if wholly unwarranted by the evidence or if clearly a result of passion or prejudice. [Citation.] A jury verdict should not be set aside merely because the jury could have drawn different inferences and conclusions from conflicting testimony." *Thiele,* 165 Ill. App. 3d at 996.

After carefully reviewing the record in the instant case, we do not find the jury's verdict to be against the manifest weight of the evidence. The jury found that defendant was not liable. Plaintiff failed to prove that the trailer was defective when driven from defendant's premises. We do not find, based on the presented evidence, that his verdict was wholly unwarranted.

Accordingly, the orders of the trial court are affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.